UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| PROTESTANT EPISCOPAL CHURCH OF THE GOOD SHEPHERD | CASE NO. 2:21-CV-02741 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| CHURCH MUTUAL INSURANCE CO S I | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 20] filed by defendant Church Mutual Insurance Company ("Church Mutual") and seeking a ruling on various coverage issues. Plaintiff Protestant Episcopal Church of the Good Shepherd ("Good Shepherd") opposes the motion. Doc. 24.

I.
BACKGROUND

This suit arises from damage to Good Shepherd, a religious institution located in Lake Charles, Louisiana, from Hurricane Laura in August 2020. At all relevant times Good Shepherd had in place a multi-peril insurance policy issued by Church Mutual, providing coverage to the church and school Good Shepherd operates on its property, with a blanket limit of insurance of $11,196,000.00. *See* doc. 20, att. 3. Good Shepherd filed suit in this court on August 23, 2021, asserting that Church Mutual has failed to timely or adequately pay on its covered losses. Doc. 1. In the petition it raises claims for breach of contract and bad faith under Louisiana law. *Id.*

The case proceeded through the streamlined settlement process outlined in the court's Case Management Order for first-party insurance claims arising from Hurricanes Laura and Delta, but did not resolve. Doc. 14. It is now set for trial on October 24, 2022. Doc. 17. Church Mutual has filed this motion for partial summary judgment, seeking a ruling as to the following coverage issues: (1) Good Shepherd does not have a claim for landscaping; (2) Good Shepherd does not have a claim for tree removal; (3) Church Mutual has fully indemnified Good Shepherd for "Structures on the Premises;" (4) Good Shepherd does not have a claim for lost institutional income, extra expense, or contents due to its failure to provide timely proof of loss; and (5) Good Shepherd does not have a claim for extra expenses regarding expert fees. Doc. 20, att. 1. Good Shepherd does not oppose the motion as to contractual limitations on the first three items, but maintains that the court should not exclude the possibility of recovering them as consequential damages under Louisiana Revised Statute 22:1973. It opposes the other two bases for summary judgment. Doc. 24.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara*

*v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally

prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

### A. Landscaping

Good Shepherd has submitted invoices totaling $25,455.84 for landscaping work performed by M&M Lawn & Irrigation. Doc. 20, att. 2, pp. 7, 19–23. The work includes resodding, installation of drainage, "Stripping of sod in courtyard area" and "Disposal of Debris," "Cleaning entire drainage system [in courtyard area]," and "Stripp[ing] up area to the west of the church." *Id.*

The policy provides generally that "Trees, lawns, plants or shrubs" located outside of buildings are not covered, "except as provided in a coverage extension." Doc. 20, att. 3, p. 84. There is a coverage extension for "Outdoor Trees, Lawns, Plants, or Shrubs" subject to a limit of $5,000 for certain covered causes of loss. *Id.* at 87. Church Mutual argues that the extension does not apply, as windstorm is not a covered cause of loss. Good Shepherd does not dispute this but argues that it does not seek reimbursement under the policy. Instead, it maintains that it is entitled to reimbursement for landscaping expenses as consequential damages that resulted from Church Mutual's bad faith handling of the claim. Specifically, Good Shepherd asserts that it was "forced to undertake repairs utilizing equipment that damaged the surrounding landscaping" as a result of Church Mutual's

underpayment of the claim. Accordingly, it maintains that summary judgment is only proper to the extent Church Mutual seeks a ruling on landscaping coverage under the policy but not as to any extra-contractual claim. The court agrees, noting the availability of consequential damages under Louisiana Revised Statute 22:1973, and will grant the motion subject to this limitation.

### B. Tree Removal

Good Shepherd has also submitted invoices for over $150,000 in tree removal expenses and charges for hauling tree debris to curb of property, representing work performed by Yeah Trees in August and September 2020. Doc. 20, att. 4, pp. 5–9, 18–22. Church Mutual asserts that there is no coverage for this expense, again citing to the general exclusions above as well as the coverage extension for "Outdoor Trees, Lawns, Plants, or Shrubs." Church Mutual does not dispute this limitation or that summary judgment should be entered on this claim, subject to the limitation described above. Accordingly, the court will grant the motion as it relates to coverage for tree removal under the policy but not as to any extra-contractual claim that may be proven under 22:1973.

### C. Structures on Premises

Church Mutual next seeks summary judgment on Good Shepherd's claim for $92,464.80 in fence repair work performed or to be performed by A-1 American Fence. *See* doc. 20, att. 5. Among the policy's exclusions is "Outdoor fences and retaining walls except as provided in the Coverage Extensions." Doc. 20, att. 3, p. 84. Under Coverage Extensions, "Structures on Premises," the policy further provides:

> You may extend the insurance that applies to your buildings or personal property to apply to permanent structures owned by you. The permanent structures must be located on the premises described in the Declarations Page and be separated from buildings by clear space.
> a. Structures on Premises include:
>    1. Crosses, statuary, and similar religious structures;
>    2. Maintenance, service or storage buildings and their contents;
>    3. Fences and retaining walls;
>    . . . .
>
> The most we will pay for loss or damage under this Extension is $5,000, unless a higher limit is shown on the Declarations Page, for any one occurrence.

*Id.* at 87–88. The Declarations page for Good Shepherd's policy sets a $25,000 limit under Structures on Premises for any one occurrence. *Id.* at 19. Church Mutual has made an unconditional tender of this amount. Doc. 20, att. 6. Accordingly, it asserts that it has fully indemnified Good Shepherd for the fence repairs to the extent that they are covered under the policy and that any claim arising from this loss must be dismissed.

Again, Good Shepherd does not dispute the policy's limitations above. Instead, it maintains that summary judgment should be withheld to the extent it is sought on this reimbursement as an element of consequential damages. Noting Good Shepherd's argument above that underpayment resulted in the use of equipment that caused extra damage to the property, the court agrees and will grant the motion subject to that limitation.

### D. Lost Institutional Income, Extra Expenses, and Contents

Church Mutual next contends that Good Shepherd's claims for lost institutional income, extra expenses, and contents are barred by its failure to submit timely proof of loss. A policy endorsement relating to duties after loss provides:

> If the loss or damage arises due to a catastrophic event for which a state of disaster or emergency is declared pursuant to law by civil officials,

> and the covered property is located in an area within the declaration, you must submit the proof of loss to us within 180 days; but this 180 day period does not commence as long as the declaration of disaster or emergency is in existence and civil authorities are denying you access to your property.

Doc. 20, att. 3, p. 117. Church Mutual maintains, however, that Good Shepherd did not provide any information regarding its claims for institutional income, extra expenses, or contents until June 15, 2022, well after the deadline. *See* doc. 20, atts. 7 & 8 (interrogatory responses and CPA report on lost institutional income). Accordingly, it argues that these claims should be dismissed for failure to comply with the mandatory terms of the policy.

Good Shepherd, on the other hand, points to the original policy language under "Loss Conditions." *See* doc. 20, att. 3, pp. 69–70. As it notes, the endorsement excerpted above merely "modifies" the policy rather than replacing any specific term or condition. *Id.* at 117. Meanwhile, an insured's duties after loss are also set forth under the original policy language in relevant part:

> 3. Duties in the Event of Loss or Damage
>    a. You must see that the following are done in the event of loss or damage to Covered Property:
>       . . . .
>       (5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values, and amount of loss claimed.
>       . . . .
>       (7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will provide you with the necessary forms.

*Id.* at 69–70. Good Shepherd maintains that Church Mutual never requested any formal proof of loss or provided any forms for plaintiff to complete, and so none was required under the policy.

The time limit on submitting proof of loss does not appear to contradict the form requirements set forth in the original policy language. It cannot, therefore, be read as modifying the obligations of either party as to who requests and who provides information. While Church Mutual contends that Good Shepherd failed to provide proof of loss for certain claims, it fails to show that it timely requested this information. Accordingly, there is no basis for voiding these claims under the policy.

### E.  Extra Expense Claim

Finally, Good Shepherd seeks coverage under the "Extra Expenses" portion of the policy for a $25,000.00 expert witness fee paid to CPA Robert Ehlers. Ehlers provided a report in July 2022 calculating the institutional income loss, including $25,000.00 in direct physical loss/damage and $237,449.00 in consequential damages (lost profits), as well as his own fee for analysis of the business interruption claim. Doc. 20, att. 8, pp. 17–32. Church Mutual maintains, however, that Ehlers's fee is not recoverable under this section of the policy.

The policy provides coverage for Institutional Income and Extra Expense, stating in relevant part:

> 5. Institutional Income and Extra Expense
> . . . .
> b.  Extra Expense
> We will pay any actual and necessary extra expenses sustained by you due to direct physical loss of or damage to Covered Property (except any dwelling) at the premises described in the Declarations Page caused by or resulting from any Covered Cause of Loss.
> (1)     Extra expense means necessary "additional expense" you incur during the "period of restoration";
>     (a) To avoid or minimize the "suspension" of your "operations":
>         1)     At the premises described in the Declarations Page.

      2)    At replacement premises or at temporary locations including relocation expenses and costs to equip and operate the temporary or replacement locations.
(b) To minimize the "suspension" of your "operations" if you cannot continue "operations."
(c) To reduce the amount of loss otherwise payable by:
      1)    Repairing or replacing any property; or
      2)    Researching, replacing, or restoring the lost information on damaged valuable papers and records;
To the extent 1) or 2) above reduce the amount of loss otherwise payable.

Doc. 20, att. 3, pp. 90–91. The policy defines "Period of Restoration" as the period of time beginning "with the date of direct physical loss or damage" and ending "when the property at the described premises should be repaired, rebuilt, or replaced with reasonable speed and similar quality." *Id.* at 95–96.

      Church Mutual argues that expert fees do not fall under these definitions. Good Shepherd maintains that the fee is still recoverable either as extra expense, or as costs or consequential damages under the penalty statutes. While the court agrees that the fee may be recoverable under the latter two categories, Church Mutual only seeks summary judgment as to the first. There appears to be no basis for fitting the fee into the definition above, when it was incurred nearly two years after the storm in preparation for trial rather than to avoid or minimize the suspension of operations. Accordingly, Church Mutual is entitled to summary judgment as to the recoverability of the fee under the contract.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 20] will be **GRANTED IN PART** and **DENIED IN PART**.

**THUS DONE AND SIGNED** in Chambers on the 14th day of September, 2022.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE