UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**PROTESTANT EPISCOPAL CHURCH OF**    **CASE NO. 2:21-CV-02741**
**THE GOOD SHEPHERD**

**VERSUS**      **JUDGE JAMES D. CAIN, JR.**

**CHURCH MUTUAL INSURANCE CO S I**    **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 21] filed by defendant Church Mutual Specialty Insurance Company ("Church Mutual"), seeking dismissal of all claims or at least the bad faith claims of plaintiff Protestant Episcopal Church of the Good Shepherd ("Good Shepherd") on the grounds that the latter has voided its coverage by breaching certain duties under the subject insurance contract. Good Shepherd opposes the motion. Doc. 23.

### I.
#### BACKGROUND

This suit arises from damage to Good Shepherd, a religious institution located in Lake Charles, Louisiana, from Hurricane Laura in August 2020. At all relevant times Good Shepherd had in place a multi-peril insurance policy issued by Church Mutual, providing coverage to the church and school Good Shepherd operates on its property, with a blanket limit of insurance of $11,196,000.00. *See* doc. 20, att. 3. Good Shepherd filed suit in this court on August 23, 2021, asserting that Church Mutual has failed to timely or adequately

pay on its covered losses. Doc. 1. In the petition it raises claims for breach of contract and bad faith under Louisiana law. *Id.*

The case proceeded through the streamlined settlement process outlined in the court's Case Management Order for first-party insurance claims arising from Hurricanes Laura and Delta, but did not resolve. Doc. 14. It is now set for trial on October 24, 2022. Doc. 17. Church Mutual has filed this motion for summary judgment, seeking dismissal of all claims on the grounds that Good Shepherd voided its coverage by failing to comply with certain policy terms—namely, submitting a timely proof of loss. Doc. 21. In the alternative, it maintains that at least the bad faith claims should be dismissed because of plaintiff's submission of new estimates between June 2021 and January 2022. *Id.* Good Shepherd opposes the motion, arguing that Church Mutual had adequate proof of loss through its prior inspections of the property to trigger its duties under the policy. Doc. 23.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*,

418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Under Louisiana law, an insurer may not set a time limit shorter than 180 days for submitting proof of loss for claims arising from catastrophic events for which a state of disaster or emergency was declared in the areas within the declaration. La. Rev. Stat. 22:1264. Accordingly, Church Mutual's policy contains the following endorsement:

> If the loss or damage arises due to a catastrophic event for which a state of disaster or emergency is declared pursuant to law by civil officials, and the covered property is located in an area within the declaration, you must submit the proof of loss to us within 180 days; but this 180 day period does not commence as long as the declaration of disaster or emergency is in existence and civil authorities are denying you access to your property.

Doc. 21, att. 10, p. 117. This endorsement merely "modifies" the policy rather than replacing any specific term or condition. *Id.* Meanwhile, an insured's duties after loss are also set forth under the original policy language in relevant part:

> 3. Duties in the Event of Loss or Damage
>    a. You must see that the following are done in the event of loss or damage to Covered Property:
>       (1) Notify the police if a law may have been broken.
>       (2) Give us prompt notice of the loss or damage. Include a description of the property involved.
>       (3) As soon as possible, give us a description of how, when, and where the loss or damage occurred.
>       (4) Take all reasonable steps to protect the Covered Property from further damage and keep a record of your expenses necessary to protect the Covered Property for consideration in the settlement of the claim. . . .

> (5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values, and amount of loss claimed.
> (6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.
> Also permit us to take samples of the damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.
> (7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will provide you with the necessary forms.
> (8) Cooperate with us in the investigation and or settlement of the claim.

*Id.* at 69–70.

Church Mutual contends that Good Shepherd submitted its first proof of loss through estimates provided by plaintiff's counsel on June 22, 2021. *See* doc. 21, att. 2. Since that time Good Shepherd has submitted additional estimates on November 24, 2021, in connection with its mandatory disclosures under the Case Management Order, and January 24, 2022. Doc. 21, atts. 3–9. However, Good Shepherd also shows that Church Mutual inspected the insured premises several times between September 2020 and March 2021. Doc. 23, att. 9. Accordingly, it maintains, Church Mutual had more than adequate opportunity to properly adjust the claim and render payment before receiving the estimates prepared by Good Shepherd's adjusters.

This court has held that "proof of loss need not come from the insured but may instead come from the insurer's inspection of the property." *Cameron Par. Sch. Bd. v. RSUI Indem. Co.*, 2008 4425377, at *2 (W.D. La. Sep. 29, 2008) (citing *Jonesboro Lodge v. Am. Central Ins. Co.*, 49 So.2d 740, 744 (1950)). While the holding applies to the "proof of

loss" requirement set forth under Louisiana's bad faith statutes, the court can find no basis for construing from the terms of the policy or from Louisiana Revised Statute § 22:1264 that the insured has duties beyond those triggering the insured's duty to issue payment under law. Assuming that Church Mutual's own inspections of the property did provide it with notice that the loss exceeded the amount Church Mutual paid on the claim, Good Shepherd still has a viable claim for breach of contract. The policy shows that there is no requirement as to the form of any proof of loss unless Church Mutual provides specific templates, which is not alleged here. Additionally, Church Mutual has not shown that Good Shepherd breached any other term relating to its duties after loss. Accordingly, there is no basis for granting summary judgment on either the breach of contract or bad faith claims.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 21] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 14th day of September, 2022.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**